IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MAURICE WALKER,** | **CASE NO. 1:20-CV-01392** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES DRUG ENFORCEMENT ADMINISTRATION,** | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendants.** | |

This matter comes before the Court upon the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) of Defendants United States of America, United States Department of Justice, and United States Drug Enforcement Administration ("Defendants"). (Doc. No. 8.) Plaintiff Maurice Walker filed a Brief in Opposition on December 3, 2020. (Doc. No. 10.) Defendants filed a Reply In Support of their Motion to Dismiss on December 30, 2020. (Doc. No. 12.) For the following reasons, Defendants' Motion to Dismiss is GRANTED.

**I.      Allegations in the Complaint**

At the time of the events of the Complaint, Plaintiff Maurice Walker ("Plaintiff" or "Walker") lived in suburban Cleveland with his girlfriend and dog. (Doc. No. 1, ¶ 7.) He was employed at a local company and was not involved in the illegal drug trade in any way. (*Id.* at ¶ 8.) However, on October 12, 2016, agents from the United States Drug Enforcement Agency ("the DEA") arrested Walker after a federal grand jury returned a multicount indictment on September 28, 2016 charging Walker and 19 others with multiple federal drug crimes. (*Id.* at ¶ 9.) On October 12, 2016, Walker

appeared before a U.S. Magistrate Judge in the Northern District of Ohio. (*Id.* at ¶ 10.) Walker was detained, pending a hearing under the Bail Reform Act. (*Id.*) On November 4, 2016, Walker was detained without bond. (*Id.*)

Walker alleges that each of the DEA agents acted within the "course and scope of their duties as law enforcement officers at the time" they arrested Walker. (*Id.* at ¶ 11.) Walker alleges that he was falsely arrested and imprisoned as a pretrial detainee from October 12, 2016 through November 4, 2016. (*Id.* at ¶ 14.) He was further detained on house arrest from November 4, 2016 through November 10, 2016. (*Id.*) On November 20, 2016, the office of the United States Attorney for the Northern District of Ohio moved to dismiss all charges against Walker without prejudice. (*Id.* at ¶ 15.) United States District Judge Solomon Oliver, Jr. dismissed the indictment against Walker "in its entirety, resolving all charges in his favor." (*Id.*)

Walker alleges that the DEA agents lacked probable cause that Walker had committed any alleged crimes. (*Id.* at ¶ 12.) He alleges that the agents lacked probable cause "most likely because—on information and belief—there was another individual with the same name" as Walker who the DEA sought in connection with the drug offenses. (*Id.*) Walker alleges that the DEA agents "failed to properly identify the correct party during the course of their investigation." (*Id.*) According to Walker, "[t]hese tortious actions caused an indictment to be issued" naming Walker as a defendant, a warrant to be issued for the wrong Maurice Walker, and for Walker to be unlawfully detained. (*Id.*)

On January 17, 2017, Walker sent notice of his claims under the Federal Tort Claims Act to the DEA and the United States Department of Justice ("the DOJ"). (*Id.* at ¶ 3.) On February 8, 2017, the DOJ notified Walker that it would be handling his claims. (*Id.*) Walker alleges that the DOJ sent letters to Walker and his counsel indicating that it continued to investigate the matter. (*Id.*) Walker

alleges that the DOJ sent its latest letter to Walker's counsel on February 6, 2020. (*Id.*) Thus, Walker alleges, he exhausted his administrative remedies prior to filing this matter. (*Id.* at ¶ 4.)

Walker filed his Complaint on June 24, 2020. (*Id.*) In his Complaint, Walker alleges three causes of action. (*Id.* at ¶¶ 16-20.) In his First Cause of Action, Walker alleges that his detention by the DEA agents "constitutes false arrest, false imprisonment, negligence, unlawful search and unlawful invasion of privacy . . . and . . . intentional or negligent infliction of emotional distress . . . under common law torts pursuant to the laws of the State of Ohio." (*Id.* at ¶ 16.) Walker alleges that under the FTCA, all Defendants are liable for the DEA agents' conduct because they acted within the scope of their employment as law enforcement officers for the United States of America and its Drug Enforcement Agency. (*Id.* at ¶ 17.)

In his Second Cause of Action, Walker alleges that his detention, as the result of the false indictment, was without probable cause and constitutes malicious prosecution under Ohio law. (*Id.* at ¶ 18.) Walker alleges the Defendants the United States of America, in particular the DOJ, through the U.S. Attorney and Assistant Attorneys from the Northern District of Ohio who were acting within the scope of their employment as prosecutors for the DOJ, are liable to him for damages suffered by him. (*Id.* at ¶ 19.)

In his Third Cause of Action, Walker alleges that the actions and conduct of Defendants violated his Fourth and Fourteenth Amendment rights to be free from unreasonable detention, malicious prosecution, and illegal searches and seizures. (*Id.* at ¶ 20.)

## II. Standard of Review

Defendants move for dismissal of Walker's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The standard of review of a 12(b)(1) motion to dismiss for lack

of subject matter jurisdiction depends on whether the defendant makes a facial or factual challenge to subject matter jurisdiction.  *Wayside Church v. Van Buren County,* 847 F.3d 812, 816-17 (6th Cir. 2017).  A facial attack "questions merely the sufficiency of the pleading" and requires the district court to "take[] the allegations in the complaint as true."  *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.,* 491 F.3d 320, 330 (6th Cir. 2007).  To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction.  *See Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016); *Ogle v. Ohio Civil Service Employees Ass'n, AFSCME*, Local 11, 397 F. Supp. 3d 1076, 1081-82 (S.D. Ohio 2019).

A factual attack, on the other hand, "raises a factual controversy requiring the district court 'to weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.'"  *Wayside Church,* 847 F.3d at 817 (quoting *Gentek Bldg. Prods., Inc*., 491 F.3d at 330).  The plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged. *Rogers v. Stratton Indus*., 798 F.2d 913, 915 (6th Cir. 1986). The court may allow "affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

**III.    Analysis**

As an initial matter, Walker concedes that his Second Cause of Action against Defendants based upon the alleged malicious prosecution of him by the U.S. Attorney and Assistant United States Attorneys is barred under the intentional tort exception to the Federal Torts Claims Act.  (Doc. No. 10, PageID# 70.)  Walker also concedes that as to his Third Cause of Action against Defendants alleging violations of his Constitutional rights under the Fourth and Fourteenth Amendments, the

United States did not waive sovereign immunity. (*Id.*) Accordingly, Walker's Second Cause of Action and Third Cause of Action against Defendants are dismissed.

Further, although Walker alleges claims for unlawful search, unlawful invasion of privacy, and intentional infliction of emotional distress in his First Cause of Action, Walker presents no argument in his Opposition as to why these claims should not be dismissed. Accordingly, Defendants argue that these claims must be dismissed. (Doc. No. 12, PageID# 83.) The Court finds that Walker does not oppose Defendants' motion with respect to these claims. *Lewis v. Cleveland Clinic Found.*, 1:12-cv-3003, 2013 WL 6199592, at *4 (N.D. Ohio Nov. 27, 2013) ("It is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (internal quotations omitted)); *see also Garmou v. Kondaur Cap. Corp.*, No. 15-12161, 2016 WL 3549356 at *7 (E.D. Mich. June 30, 2016) (finding that plaintiff conceded claims after failing to respond to defendants' arguments for dismissal of multiple claims). Accordingly, Walker's claims for unlawful search, unlawful invasion of privacy, and intentional infliction of emotional distress set forth under Walker's First Cause of Action are also dismissed.

The Court will now address whether it has subject matter jurisdiction over the remaining claims in Walker's Complaint: his claims of false arrest and false imprisonment, negligence, and negligent infliction of emotional distress based on the DEA's mistaken identification of Walker as a suspect in a drug investigation. The Court concludes that it does not.

**A.  Subject Matter Jurisdiction under the FTCA**

Defendants contend that Walker's Complaint must be dismissed for a lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). They argue that Walker's claims are barred under the

5

discretionary function exception to the FTCA, 28 U.S.C. § 2680(a), and, therefore, the FTCA does not confer subject matter jurisdiction upon this Court. (Doc. No. 8-1, PageID# 47.)

The FTCA provides a limited waiver of sovereign immunity and of subject matter jurisdiction for plaintiffs to pursue state law tort claims against the United States. 28 U.S.C. § 1346(b)(1). According to the Sixth Circuit,

> The FTCA waives sovereign immunity where state law would impose liability against a private individual, *Myers v. United States*, 17 F.3d 890, 894 (6th Cir. 1994), and the suit proceeds against the federal government "in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674; see *Young v. United States*, 71 F.3d 1238, 1241 (6th Cir. 1995). The extent of governmental tort liability is "determined in accordance with the law of the state where the event giving rise to liability occurred." *Young*, 71 F.3d at 1242.
>
> The FTCA, as a limited grant of jurisdiction, excludes certain tort claims from its sovereign immunity waiver. *See* 28 U.S.C. § 2680. Because the FTCA is a jurisdictional statute, "[i]f a case falls within the statutory exceptions of 28 U.S.C. § 2680, the court lacks subject matter jurisdiction" and the case must be dismissed. *Feyers v. United States*, 749 F.2d 1222, 1225 (6th Cir. 1984). The United States can be sued only to the extent that it has waived its sovereign immunity, so "due regard must be given to the exceptions . . . ." *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976).

*Milligan v. U.S.*, 670 F.3d 686, 692 (6th Cir. 2012).

Two exceptions are relevant in the instant case: § 2680(h), which is often referred to as the "intentional tort exception," and § 2680(a), which is often referred to as the "discretionary function exception."

### 1. Intentional Tort Exception, § 2680(h)

The intentional tort exception insulates the government from liability for intentional torts. 28 U.S.C. § 2680(h). However, there is an exception, known as the law enforcement proviso, to the intentional tort exception. According to the proviso, if a federal law enforcement officer "engages in 'assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution,'

6

sovereign immunity is waived and courts have subject matter jurisdiction under the FTCA." *Milligan*, 670 F.3d at 692 (quoting 28 U.S.C. § 2680(h)).

### 2. Discretionary Function Exception, § 2680(a)

The discretionary function exception insulates the government from "liability for claims arising from a federal actor's 'exercise . . . [of] a discretionary function or duty . . . .' 28 U.S.C. § 2680(a)." *Id.* To determine whether a claim is barred by the discretionary function exception, the Sixth Circuit applies the two-prong *Gaubert* test. *Rosebush v. United States*, 119 F.3d 438, 441 (6th Cir. 1997) (citing *United States v. Gaubert*, 499 U.S. 315 (1991)). According to the Sixth Circuit:

> The first prong requires this Court to determine "whether the challenged actions were discretionary, or whether they were instead controlled by mandatory statutes or regulations." *Gaubert*, 499 U.S. at 328, 111 S.Ct. 1267. The focus of this inquiry is on whether the actor had any "element of judgment or choice" in taking his course of action. *Rosebush*, 119 F.3d at 441. "The requirement of judgment or choice is not satisfied if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee had no rightful option but to adhere to the directive." *Id.* (internal quotation marks omitted). If the actions were made under a mandatory regulation or policy, leaving the actor no judgment or choice in his course of action, then § 2680(a) presents no obstacle to a claim under the FTCA. *See Gaubert*, 499 U.S. at 322, 111 S.Ct. 1267; *Rosebush*, 119 F.3d at 441.

*Milligan*, 670 F.3d at 693. In other words, under the first prong, if the federal employee's conduct is not prescribed, the employee must exercise some judgment and the FTCA affords some protection for that exercise. *Id.*

If a court determines that discretionary conduct is involved, the court proceeds to the second prong of the *Gaubert* test:

> . . . [T]he second prong . . . inquires "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Gaubert*, 499 U.S. at 322–23, 111 S.Ct. 1267 (quoting *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988)). This second prong seeks to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in

7

social, economic, and political policy through the medium of an action in tort." *Id.* at 323, 111 S.Ct. 1267.

*Id.*

"It is clearly settled that a plaintiff can invoke jurisdiction under the FTCA 'only if the complaint is facially outside the exceptions [set forth in the FTCA].'" *Miller v. U.S.*, No. 2:12-CV-40, 2013 WL 1187914, at *2 (E.D. Tenn. Mar. 21, 2013) (quoting *Carlyle v. Dept. of the Army*, 674 F.2d 554, 556 (6th Cir. 1982); citing *Sharp v. United States*, 401 F.3d 440, 443 n. 1 (6th Cir. 2005)).

### B. Application to Walker's Remaining Claims

All courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999)). Challenges to a court's subject matter jurisdiction "may be raised at any time, by any party or even *sua sponte* by the court itself." *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992). "If Plaintiffs cannot establish constitutional standing, their claims must be dismissed for lack of subject matter jurisdiction." *Loren v. Blue Cross & Blue Shield*, 505 F.3d 598, 607 (6th Cir. 2007). As the Sixth Circuit has warned, it "behooves parties to be meticulous in jurisdictional matters." *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019). Federal courts are obligated to "catch jurisdictional defects at all stages of a case, even when substantial resources have already been invested in it." *In re DePuy Orthopaedics*, 953 F.3d. 890, 892 (6th Cir. 2020).

Being mindful of its obligation to catch jurisdictional defects at any stage of a case, the Court finds that, independent of, and despite Defendants' factual attack to challenge subject matter jurisdiction, Walker's Complaint, on its face, contains insufficient factual allegations to support

8

subject matter jurisdiction. Taking Walker's allegations in his Complaint as true, the Court concludes that Walker's Complaint fails, on its face, to set forth sufficient facts to establish subject matter jurisdiction under the FTCA.

In his Complaint, Walker alleges no facts that would support a cause of action based upon false arrest or false imprisonment. Critically, Walker pleads no facts whatsoever that the DEA agents knew that Walker was not the true suspect but despite that knowledge, intended to falsely arrest him. Walker's Complaint alleges that the DEA did not possess probable cause that Walker committed any crimes, "*most likely because*—on information and belief—there was another individual with the same name" whom the DEA agents sought in connection with the offenses, and that the DEA agents "failed to properly identify the correct party during the course of their investigation." (Doc. No. 1, ¶ 12, emphasis added.) These allegations sound in negligence and can only be construed as meaning that Walker was mistakenly identified as someone else whom the DEA agents sought in connection with the offense. There are no allegations of intentional misconduct on the part of the DEA agents. Walker did not allege the DEA agents intentionally misidentified him or arrested and incarcerated him despite knowing he was not the correct party. This is insufficient to invoke jurisdiction under the law enforcement proviso of the FTCA's intentional tort exception.

Moreover, Walker's Complaint fails to demonstrate on its face that the discretionary function exception does not apply because Walker fails to allege that the DEA agents' conduct was prescribed by a specific statute, regulation, policy, or procedure from which they deviated by misidentifying and arresting him. *See, e.g., Miller v. U.S.*, No. 2:12-cv-40, 2013 WL 1187914, at *4 (E.D. Tenn. Mar. 21, 2013) (concluding same); *cf. Milligan*, 670 F.3d at 693; *Awad v. United States*, 807 Fed. App'x 876, 880 (10th Cir. 2020). In *Milligan*, the plaintiff identified certain standard operating procedures

and alleged that officers violated the procedures in the course of her arrest. *Milligan*, 670 F.3d at 693. Because the plaintiff identified some sort of applicable policy, the court engaged in a *Gaubert* analysis to determine whether law enforcement's conduct was discretionary in her case. *Id.* Similarly, in *Awad*, the plaintiff identified "three specific DEA policies requiring probable cause to effect an arrest or file a criminal complaint . . . ." *Awad*, 807 Fed. App'x at 880. Thus, the *Awad* court also engaged in an analysis to determine whether the DEA agents were to follow "a prescribed course of action." *Id.* (internal quotations omitted). Conversely, in the instant matter, Walker identifies no "federal statute, regulation, or policy [that] specifically prescribes a course of action for" a federal employee to follow.[1] *Rosebush*, 119 F.3d at 441. Thus, Walker's Complaint, on its face, fails to set forth allegations that the DEA agents' conduct forming the basis for all of his claims set forth in his First Cause of Action (specifically false arrest, false imprisonment, negligence, unlawful search and unlawful invasion of privacy, and intentional or negligent infliction of emotional distress) was outside the discretionary function exception of the FTCA.

Walker's case is nearly identical to *Milligan v. United States*, 670 F.3d 686 (6th Cir. 2012). In *Milligan*, the U.S. Marshals, through a series of errors, misidentified the plaintiff, Milligan, as a suspect because both Milligan and the true suspect shared the same name. *Id.* at 690. As a result of this misidentification, Milligan was mistakenly arrested. *Id.* Milligan sued the government and contended that the federal district court had subject matter jurisdiction over her false arrest and false

---

[1] According to Walker, he first brought this claim to the DOJ's attention four years ago, in January 2017. (Doc. No. 1, ¶ 3.) Thus, Walker has had four years in which to identify *any* federal statute, regulation, policy or procedure that could conceivably prescribe the DEA agents' conduct with respect to their investigation and arrest of Walker, whether by conducting research on publicly available regulations and statutes, issuing public records requests, or engaging in some other form of inquiry or investigation. Indeed, not only did Walker not identify any such statute, regulation, policy, or procedure, but he did not even generally allege that the DEA agents' conduct fell outside the discretionary function exception.

imprisonment claims under the FTCA's law enforcement proviso within the intentional tort exception. *Id.* at 695; *see also* 28 U.S.C. § 2680(h). The district court dismissed the case for lack of subject matter jurisdiction and the Sixth Circuit affirmed. *Id.* In so doing, the Sixth Circuit held that to determine whether "the plaintiff's claim falls within the law enforcement exception to the intentional tort exception, we must look to the substance of the claim and not limit our review to how the plaintiff pleaded the cause of action." *Id.* at 695. The *Milligan* court observed that the plaintiff may not "cloak[ ] what is fundamentally a negligence suit in intentional tort suit language." *Id.* at 696. The court determined that the plaintiff "fail[ed] to provide even a shred of evidence suggesting law enforcement officers' intent to falsely arrest Milligan." *Id.* Rather, "[t]he facts demonstrate that Milligan's arrest was the product of three negligent acts committed by separate law enforcement actors." *Id.* Thus, the Sixth Circuit concluded that Milligan could not "seek the § 2680(h) safe harbor by recasting law enforcement's negligent acts as an intentional tort." *Id.*

In the instant matter, not only is there no shred of evidence that the DEA agents intended to falsely arrest or imprison Walker, there are no allegations set forth in the Complaint alleging, or that can be construed as alleging, that the DEA agents intended to falsely arrest or imprison Walker. The substance of Walker's allegations is that the DEA agents misidentified and arrested Walker on the mistaken belief that Walker was the true suspect (possibly, as Walker alleges in his Complaint, because he and the true suspect shared the same name). (Doc. No. 1, ¶ 12.) As in *Milligan*, Walker pleads negligent actions on the part of the DEA agents, but no intentionally tortious conduct. *Milligan*, 670 F.3d at 696.

Walker disagrees with Defendants' argument that he is "recasting negligence claims as intentional tort claims," and contends that, based on Special Agents Stroney's and Fitzpatrick's

11

declarations, the DEA agents had a photograph of the correct suspect in their possession throughout the investigation and arrest process. (Doc. No. 10, PageID# 73.) According to Walker, the DEA agents "knew exactly who they were looking for: it was not Maurice Walker." (*Id.*) Thus, Walker argues, the DEA agents' failure to identify the correct suspect at the time of arrest, when the agents already had a photograph of the correct suspect, constitutes an intentional, not negligent, act. (*Id.*)

The problem with Walker's argument is that he never alleges any of these facts in his Complaint. Moreover, Walker never moved to amend his Complaint after Defendants filed their Motion and Declarations. The Court concludes that Walker alleges only negligent, not intentional, conduct.[2] *See Milligan*, 670 F.3d at 695-96; *see also Awad v. United States*, 807 Fed. App'x 876, 881 (10th Cir. 2020) (concluding that the plaintiff's complaint "was devoid of any facts suggesting intentionally tortious conduct," where the plaintiff alleged that DEA agents falsely arrested and falsely imprisoned him after misidentifying the plaintiff as a suspect in a drug investigation). Stated differently, merely asserting claims for intentional torts like false arrest and false imprisonment and intentional infliction of emotional distress, without including factual allegations to support these intentional claimed torts, amounts to Walker's attempt to recast negligent acts as intentional torts to avail himself of the FTCA's law enforcement proviso within the intentional tort exception. This he cannot do. *See Milligan,* 670 F.3d at 695-96; *see also Garling v. U.S. Env't Prot. Agency*, 849 F.3d 1289, 1298 ("In determining whether the Garlings' claims fall within the law enforcement proviso, we look to the substance of their claims and not how they labeled them in their complaint. The Sixth Circuit put it well: a plaintiff may not 'recast a negligence tort as an intentional tort to take advantage

---

[2] Because Walker alleges only negligent, not intentional, conduct, the Court need not address whether, and to what extent, the FTCA's discretionary function exception in § 2860(a) bars intentional tort claims brought under the law enforcement proviso within the intentional tort exception in § 2680(h). *See Milligan*, 670 F.3d at 695 n.2; *see also Awad*, 807 F. App'x at 882 n.5.

of the law enforcement exception to § 2680(h).' *Milligan*, 670 F.3d at 696; *see also Lambertson v. United States*, 528 F.2d 441, 443 (2d Cir. 1976) ('In determining the applicability of the [§] 2680(h) exception, a court must look, not to the theory upon which the plaintiff elects to proceed, but rather to the substance of the claim which he asserts.'); *Johnson v. United States*, 547 F.2d 688, 691-92 (D.C. Cir. 1976) ('[S]urely a litigant cannot circumvent the [FTCA] by the simple expedient of drafting in terms of negligence a complaint that in reality is a claim as to which the United States remains immunized.'").

The Court has determined that the facial insufficiency of Walker's Complaint alone is enough to merit dismissal for lack of subject matter jurisdiction. Since Defendants made a factual challenge to subject matter jurisdiction under the FTCA, and Walker responded accordingly, the Court offers the following. First, because Defendants made a factual challenge to subject matter jurisdiction, they attached three Declarations of DEA agents involved in the investigation that led to Walker's arrest and incarceration. It was through one of these three declarations, specifically that of DEA Agent Fitzpatrick, that Walker learned about a photograph of the suspect referred to as "Cal" that the DEA officers were provided and they used in reviewing social media websites to attempt to identify him. Comparing the photograph of "Cal" with photographs on the social media websites, Agent Fitzpatrick identified an individual who closely resembled the photograph of "Cal" and a car in a photograph that depicted an individual sitting in it that closely resembled "Cal" was determined to be registered to Walker.

However, in concluding that Walker's Complaint, on its face, or taking all of the allegations set forth therein as true, is insufficient to confer subject matter jurisdiction upon it, this Court did not consider the information set forth in the Declarations. Indeed, for this reason, any argument by

13

Walker that the Court should not rely on these Declarations to support what he submits are incredible averments that the Government gives its federal agents "unfettered discretion to investigate, conduct surveillance, and arrest suspects without being governed by regulations and procedures" is irrelevant and moot. (Doc. No. 10, PageID # 77.)

So, too, then, is Walker's argument that Defendants' Motion is premature and that they present matters outside the pleadings to factually attack the Court's jurisdiction without any opportunity for Walker to seek discovery. (Doc. No. 10, PageID # 78.) Walker contends that he should be permitted to discover the identities of the agents "involved in the mistaken identification, false arrest, and false imprisonment" of Walker, as well as "related documents and materials detailing the DEA Agents' investigation that led to this cause of action," and the photograph used to misidentify Walker as a suspect. (*Id.* at PageID # 78-79.) The Court disagrees that discovery is necessary here.

First and foremost, because the Court finds that on its face the Complaint is insufficient to confer subject matter jurisdiction on this Court—as distinguished from considering facts established through affidavits or declarations attached to Defendants' Motion—it has not considered the "facts" set forth in the three Declarations. Second, according to the Sixth Circuit:

> Although it is true that plaintiffs "must be given an opportunity to secure and present relevant evidence to the existence of jurisdiction" when "a defendant challenges a court's actual subject matter jurisdiction," plaintiffs must do more than "merely assert" the need for discovery; they must "explain what evidence relevant to subject matter jurisdiction they [would be] denied from obtaining." *Gilbert v. Ferry*, 401 F.3d 411, 415 (6th Cir.), *on reh'g in part*, 413 F.3d 578 (6th Cir. 2005). A plaintiff is not entitled to discovery if [he] cannot, at a minimum, "offer any factual basis for [his] allegations" and give the district court "a reasonable basis to expect that . . . discovery would reveal" evidence that supports the claimed jurisdiction. *See Chrysler Corp.*, 643 F.2d at 1240; *see also A.O. Smith Corp.*, 774 F.3d at 369-70 (holding that district court did not abuse its discretion in denying jurisdictional discovery in FTCA case where plaintiffs could only "speculate" that government documents "might" contain

information relevant to jurisdiction); *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013) (stating that a plaintiff seeking jurisdictional discovery is only "entitled to [that] discovery if the record shows that the requested discovery is . . . likely to produce the facts needed to withstand a Rule 12(b)(1) motion" (quoting *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009))); *FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1093-94 (D.C. Cir. 2008) ("Such a request for jurisdictional discovery cannot be based on mere conjecture or speculation.").

*C.H. By and Through Shields v. United States*, 818 Fed. App'x 481, 484 (6th Cir. 2020). In *Shields*, the district court dismissed a plaintiff's FTCA suit against the government for allegedly negligent medical care that her newborn son received from three medical personnel, whom the plaintiff contended were federal employees for FTCA purposes. *Id.* at 482. The plaintiff requested that the district court permit jurisdictional discovery to determine whether the medical personnel were indeed federal employees. *Id.* In response to the plaintiff's discovery requests, the government submitted an affidavit that "addressed virtually all" of the plaintiff's requests and averred that the medical personnel were not federal employees. *Id.* at 486. The district court declined the plaintiff's requests and dismissed the case for lack of subject matter jurisdiction, and the Sixth Circuit affirmed. *Id.* According to the Sixth Circuit, the plaintiff "failed to offer any 'factual basis' or reason to believe that discovery would be fruitful." *Id.* (citing *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229 (6th Cir. 1981)). Beyond her "bare allegations," the plaintiff did not offer any reason to believe that discovery would turn up facts that would contradict the government's affidavit with respect to the medical personnel's employment status. *Id.*

Similarly, in Walker's case, he fails to offer any factual basis to believe that jurisdictional discovery would be fruitful. In response to the declarations submitted by Defendants, Walker offers only the conclusory allegation that "[t]here is a reasonable basis to expect that discovery would reveal

15

evidence necessary to properly oppose the Government's Motion to Dismiss and defend the Plaintiff's complaint." (Doc. No. 10, PageID# 78.)

Moreover, and importantly, once Walker had the Declaration of DEA Agent Fitzpatrick that referenced the photograph of "Cal" that he now seeks to obtain through his request to conduct discovery, he could have amended his Complaint. He failed to do so. Indeed, as Defendants acknowledged in their Reply:

> When a court considers factual issues outside the record for a 12(b)(1) motion, the court 'must do so in a manner that is fair to the nonmoving party … [and] a court can and should resolve factual disputes.' *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 918 (6th Cir. 1986) []. Here, Walker's Complaint does not allege facts that contradict the facts asserted in the DEA declarations. Indeed, taken together, the factual allegations in the Complaint and the DEA declarations attached to the United States' Motion to Dismiss do not present a conflict requiring resolution through additional discovery.

(Doc. No. 12, PageID # 91.)

There is nothing in the Complaint that conflicts with the facts alleged in the DEA Declarations. And, if Walker had amended his Complaint to include information that he learned through those Declarations, then perhaps discovery would have been appropriate. To the extent he did not file an Amended Complaint upon learning of the facts averred to by the DEA agents in their Declarations, Walker has failed to create any dispute warranting discovery.

**IV. Conclusion**

Accordingly, and for all the reasons set forth above, Defendants' Motion to Dismiss (Doc. No. 8) is GRANTED. Plaintiff's Complaint is DISMISSED in its entirety.

**IT IS SO ORDERED.**

Date: March 18, 2021

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE